5IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL DOCKET NO.: 3:09CV411-V

| | |
|---|---|
| **RASHEEDA KEARTRA RILEY,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Memorandum and Order** |
| ) | |
| **FOOT LOCKER, INC.**[1]**, GLENN** ) | |
| **GULLATE, and KERG FERRELL,** ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Kerg Ferrell's ("Ferrell") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed January 22, 2010. (Documents ##17,18) Plaintiff Rasheeda Keartra Riley ("Riley") initially failed to respond. On June 24, 2010, Riley was directed to respond to the Defendant's motion. (Document #22) On July 19, 2010, Riley filed an opposition. (Document #23)

Plaintiff Riley's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended ("Title VII"). More specifically, Riley, a former employee of a Foot Locker retail store, asserts discrimination based upon sex, including, sexual harrassment, general harassment, and termination of employment. (Compl. ¶C5) Riley alleges that beginning in 2005, Defendant Glenn Gullate ("Gullate") verbally harassed her "about having intercourse, dinner, [and] movies." (Compl. ¶D1a) Riley further alleges that Gullate touched her buttocks on or about April 17, 2007. Id.

---

[1] In its Answer, "Foot Locker, Inc." asserts that it is not properly named as a Defendant. (Def.'s Answer n.1) According to Foot Locker, Inc., because Riley worked at a Foot Locker store, the actual proper Defendant is an unincorporated operating division of Foot Locker Retail, Inc. Id.

### I. Standard

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir.1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (*quoting* Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949

### II. Discussion

The gist of Ferrell's Rule 12 (b)(6) Motion is that Plaintiff Riley's *Pro Se* Complaint fails to state a claim upon which relief can be granted as to the individual defendants[2] since Title VII provides only for civil actions against "employers" and does not provide for individual liability. The statutory definition of "employer" reads:

> "A person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person...."

42 U.S.C. §2000e(b). While the definition mentions any agent of such a person, the statute does

---

[2] Ferrell's motion notes that the same law supports dismissal of the non-moving Individual Defendant, Glenn Gullate. Riley identifies Gullate as a "Store Manager" for Foot Locker. (Compl. ¶B3)

not define "agent." In the Fourth Circuit, this language has been interpreted as excluding individual supervisors. Lissau v. Southern Food Serv., 159 F.3d 177, 180 (4th Cir.1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."); Baird ex rel Baird v. Rose, 192 F.3d 462, 472 (4th Cir.1999) (citing Lissau and applying the same rule of law in ADA context). As explained in Lissau, Congress included the employer's "agent" within the definition to impose liability not on supervisors individually, but on the employer for discriminatory acts by the agent under the doctrine of respondeat superior. Lissau, 159 F.3d at 180. Riley expressly identifies Ferrell as "District Manager Foot Locker." (Compl. ¶B4) Accordingly, the Court finds that, as a matter of law, Defendant Ferrell is not a proper party to this action and dismissal is proper.

### III. Order

**IT IS, THEREFORE, ORDERED** that Plaintiff's claims against Individual Defendant Kerg Ferrell are hereby **DISMISSED with prejudice**.

Signed: September 30, 2010

Richard L. Voorhees
United States District Judge