# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv411

| | |
|---|---|
| RASHEEDA KEARTRA RILEY, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> Vs. ) <br> ) <br> FOOT LOCKER, INC.; and GLENN ) <br> GULLATE, ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the court on review of a stipulation of dismissal filed by the parties who have appeared, all in accordance with Rule 41, Fed.R.Civ.P. While the stipulation seeks to dismiss this action in its entirety, defendant Glenn Gullate remains unaccounted for in such stipulation. Review of the docket reveals that a summons properly issued for Defendant Gullate on November 13, 2009 (#7), but was returned by the United States Marshal on February 4, 2010, unserved as the address was insufficient to effectuate service of process (#19). The 120 day time limit for service of such defendant ran in January 2010, and plaintiff never sought an extension or made any attempt to provide the court with a better address for such defendant.

The time for service of process is governed by Rule 4(m), which provides in relevant part as follows:

> **(m) Time Limit for Service.**
> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed.R.Civ.P. 4(m). The court will, therefore, dismiss this action on its own motion as to the unserved defendant as he has not been served within the time provided by Rule 4(m). The court will dispense with the notice provision of Rule 4(m) as it appears that it is the intent of the parties to

terminate this case in its entirety. If that is not the intent of the parties, they may move to set aside this Order within 14 days of the filing of this Order. Plaintiff is advised, however, that she cannot maintain a Title VII action against Defendant Gullate, whom she alleges was her supervisor, as a supervisor is not her "employer" under Title VII of the Civil Rights Act of 1964. <u>Lissau v. Southern Food Service, Inc.</u>, 159 F.3d 177 (4th Cir. 1998).

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice as to defendant Glenn Gullate, and the Clerk of this Court is respectfully instructed to terminate this action.

Signed: May 10, 2011

Max O. Cogburn Jr.
United States District Judge